**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC A. ENGLAND,
                     Appellant,

          v.

DEPARTMENT OF THE ARMY,
                     Agency.

DOCKET NUMBER
DA-0752-14-0176-I-1

DATE: August 4, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert J. Harrison, Dumas, Arkansas, for the appellant.

Karen Barrows, Rock Island, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the agency's action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal of his removal from the position of Industrial Worker, WG-6501-06. Initial Appeal File (IAF), Tab 1. The agency appointed the appellant to the position on September 8, 2008, and assigned him to the Chemical and Biological Directorate (CBD) at Pine Bluff Arsenal, Arkansas. In April 2013, the agency assigned the appellant to the Ammunition Operations Directorate. Because the appellant would be working around munitions, the agency initiated a background screening as part of its Arm, Ammunitions, and Explosives (AA&E) Program. The Director of Ammunition Operations determined that the appellant had disqualifying factors in his background and that he did not meet the "minimum requirements to work in the Directorate of Ammunition Operations." IAF, Tab 8 at 20. The agency removed the appellant on December 15, 2013, based on his failure to meet a condition of employment. *Id*. at 18. The agency based this action on the charge that the AA&E screening revealed "multiple disqualifying factors, specially [sic] dated 10/08 and 08/03." *Id*. On appeal, the administrative judge reversed the agency's action, finding that the agency failed to prove by preponderant evidence that a successful AA&E

determination was a condition of the appellant's employment. IAF, Tab 25, Initial Decision (ID) at 7.

¶3      On review, the agency argues that the administrative judge erred by finding that the completion of the screening was not a condition of the appellant's employment. The agency reasserts its claim that the scope of the Industrial Worker position includes assignments within Ammunition Operations. Petition for Review (PFR) File, Tab 1 at 6. In this connection, the agency challenges the administrative judge's reliance on the fact that the AA&E screening is not specifically identified on the position description and argues that the AA&E requirement exists in a written regulation. *See id.*

¶4      We have considered the agency's arguments on review concerning the administrative judge's weighing of the evidence, however, the applicable law and the record evidence support the administrative judge's findings that the agency failed to prove by preponderant evidence that a successful AA&E determination was a condition of the appellant's employment. Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (the Board may overturn credibility determinations that are implicitly or explicitly based on demeanor only when it has "sufficiently sound" reasons for doing so).

¶5      Specifically, the administrative judge considered all of the evidence, including the position description for the Industrial Worker, WG-6501-06, position, and he correctly found that, while the position description broadly includes duties covered under the Army Regulation (AR) 190-11, the AA&E

regulation and duties under the CBD Directorate, the "Conditions of Employment" in the position description do not require a satisfactory AA&E suitability determination as a condition of employment for that position. ID at 6; *see* IAF, Tab 18, Subtabs C, F. To the extent that the agency contends that the administrative judge's reliance upon *Gamboa v. Department of the Air Force*, [120 M.S.P.R. 594](#) (2014), is misplaced, we find no basis upon which to distinguish *Gamboa* from this case. In *Gamboa*, the Board reversed the agency's removal action because the position description did not indicate that a security clearance was required for the position, nor did the vacancy announcement or the appellant's Standard Form 50 indicate that a security clearance was required. Here, while listing other specific conditions of employment, including the Civilian Drug Abuse Testing Program and the 1996 Lautenberg Amendment to the Gun Control Act of 1968, the position description does not identify the background screening required for the AA&E as a condition of employment. IAF, Tab 18, Subtab C. Moreover, even though the AR-190-11 sets forth the screening guidelines for positions in the AA&E Directorate, AR-190-11 does not require that an employee be terminated if the Director finds the employee unsuitable for the AA&E program. Rather, it states that an employee who is determined to be unsuitable for the AA&E program will not be assigned AA&E duties. IAF, Tab 18, Subtab F.

¶6  In addition, the agency also asserts that the administrative judge erroneously made a finding of fact that the personnel security specialist who performed a pre-hiring screening on the appellant shared her concerns about the appellant's pending criminal charges with management because she thought it might limit his duties and she testified "that the selecting official had indicated that it would not be an issue." *See* ID at 5-6. The agency argues that there is no testimony that supports the administrative judge's finding that a management official "indicated that it would not be an issue." PFR File, Tab 1 at 8. While the personnel security specialist may not have explicitly stated that management

"indicated it was not an issue," as the administrative judge stated in the initial decision, it was clear from her testimony that such was the case.  IAF, Tab 24, Hearing Transcript.  The record reflects that the personnel security specialist testified that, in 2008 during the pre-hiring stage, she ran a criminal background check on the appellant, and that she spoke to the selecting official and explicitly raised her concerns about the same criminal charges that the agency now relies on as a basis for the appellant's removal. *See id*.  The personnel security specialist testified further that the selecting official advised her to go ahead and hire the appellant. *Id*.  Based on the hearing record, we find that the agency has shown no error by the administrative judge in this regard.  Accordingly, the agency has shown no basis upon which to disturb the initial decision.

## ORDER

We ORDER the agency to cancel the removal and retroactively restore the appellant effective December 15, 2013.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it

took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  See 5 C.F.R. § 1201.181(b).

¶10  No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶11  For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.



| | **DFAS CHECKLIST** |
| --- | --- |
| | **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63)
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)
   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.